# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:11 CR 22-6

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| SONYA LYNN MADDY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report (#199) filed in the above entitled cause on February 13, 2012 by the United States Probation Office. In the violation report, the United States Probation Office alleges that the defendant had violated terms and conditions of her pretrial release. At the call of this matter on for hearing it appeared the defendant was present with her counsel, Randall Seago, and the Government was present through Assistant United States Attorney, Don Gast. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through her attorney, admitted the allegations contained in the violation report filed on February 13, 2012 (#199). Testimony was then presented by the defendant through Robert T. Ferguson, United States Probation Officer.

The defendant was charged in a bill of indictment (#74) filed on September 20, 2011 with one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846.  A hearing was held in regard to the detention of the defendant on October 6, 2011.  On that date, the undersigned entered an order releasing the defendant on a $25,000 unsecured bond.  The undersigned further set conditions of release which included the following:

(8)(j) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: co-defendants, all co-defendants listed in 2:11cr22.

(8)(s) participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.

(ii) Home Detention.  You are restricted to your residence at all times except for employments; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer.

On January 31, 2012, United States Probation Officer Robert Ferguson became

aware that Michael James Taylor, a co-defendant of Defendant Maddy, had, on January 5, 2012, contacted Defendant Maddy by telephone on two separate occasions. Thereafter, Officer Ferguson obtained a recording of the two calls that had been made by Mr. Taylor to Defendant Maddy on January 5, 2012. On February 8, 2012, Officer Ferguson contacted defendant concerning the calls. She admitted that she had talked to Defendant Taylor on January 5, 2012 and that she had not advised Officer Ferguson of this contact with her co-defendant.

On December 13, 2011, Officer Ferguson had given defendant permission to attend church services during that morning. However, the monitoring report indicated that defendant had gone and come from the home of her mother at times that were inconsistent with church attendance. Officer Ferguson interviewed defendant and defendant initially denied that she had not attended church but later admitted that she had in fact not been in church and had gone to a store and ate lunch with her brother.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer
-----

    (1)    finds that there is----
        (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
        (B) clear and convincing evidence that the person has violated any other condition of release; and
    (2)    finds that ---

(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence presented in this matter, the undersigned finds by clear and convincing evidence that defendant has violated the terms and conditions of her pretrial release in that defendant had contact from another co-defendant and did not report this contact to the United States Probation Officer for over one month. Additionally, defendant has violated the term and condition of release which ordered her to participate in a location monitoring program and abide by its requirements as the pretrial service officer instructed. Defendant has clearly violated both of these conditions.

Due to the findings made above, it appears there is no condition or combination of conditions of release that would assure that the defendant will not pose a danger to the safety of any other person or the community. It is further the opinion of the undersigned that based upon the defendant's actions, it is unlikely the defendant will abide by any condition or combination of conditions of release. As a result of the

4

above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending further proceedings in this matter.

Signed: February 27, 2012

Dennis L. Howell
United States Magistrate Judge